AO 106 (Rev. 04/10) Application for a Search Warrant (A. Glenn)

# UNITED STATES DISTRICT COURT
for the

Eastern District of Pennsylvania

| | | |
|---|---|---|
| In the Matter of the Search of | ) | |
| *(Briefly describe the property to be searched or identify the person by name and address)* | ) ) ) | Case No. 16-1456-M |
| Dropbox account associated with KYOTEESNEWMOON@GMAIL.COM and User ID 587596588 | ) ) | |

## APPLICATION FOR A SEARCH WARRANT

I, a federal law enforcement officer or an attorney for the government, request a search warrant and state under penalty of perjury that I have reason to believe that on the following person or property *(identify the person or describe the property to be searched and give its location* Dropbox account associated with KYOTEESNEWMOON@GMAIL.COM and User ID 587596588, as further described in attachment A

Located in the     Northern     District of     California     there is now concealed *(identify* the

*person or describe the property to be seized)*:  See Attachments A and B-I as to Dropbox, Inc. and Attachment B-II as to law enforcement.

The basis for the search under Fed. R. Crim. P. 41(c) is *(check one or more)*:

☑ evidence of a crime;

☑ contraband, fruits of crime, or other items illegally possessed;

☑ property designed for use, intended for use, or used in committing a crime;

☐ a person to be arrested or a person who is unlawfully restrained.

The search is related to a violation of:

| *Code Section* | *Offense Description* |
|---|---|
| 18 U.S.C. § 2252 | Possession, Receipt and Distribution of Child Pornography |

The application is based on these facts: See attached affidavit.

☑ Continued on the attached sheet.

☐ Delayed notice of     days (give exact ending date if more than 30 days) is requested under 18 U.S.C. § 3103a, the basis of which is set forth on the attached sheet.

*Applicant's signature*

Rebecca A. Quinn, Special Agent, Federal Bureau of Investigation
*Printed name and title*

Sworn to before me and signed in my presence.

Date: **11.30.16**

City and state:  Philadelphia, Pennsylvania

*Judge's signature*
TIMOTHY R. RICE,  U.S. Magistrate Judge

T

*Printed name and title*

**AFFIDAVIT**

I, Rebecca A. Quinn, being duly sworn, do hereby depose and state:

I.      BACKGROUND

1.      I make this affidavit in support of an application for a search warrant for information associated with an account that is stored at premises controlled by Dropbox, Inc., Internet Service Provider and remote computing service located in San Francisco, California. The information to be searched is described in the following paragraphs and in Attachment A. This affidavit is made in support of an application for a search warrant under 18 U.S.C. §§ 2703(a), 2703(b)(1)(A) and 2703(c)(1)(A) to require Dropbox, Inc., to disclose to the government copies of the information (including the content of communications and stored material) further described in Section I of Attachment B. Upon receipt of the information described in Section I of Attachment B, government-authorized persons will review that information to locate the items described in Section II of Attachment B.

2.      I am a Special Agent of the Federal Bureau of Investigation (FBI), United States Department of Justice. I have been employed as a Special Agent of the FBI since April 2002. I am currently assigned to the Philadelphia Division, Crimes Against Children squad, working primarily on cases involving online crimes against children, where I have become familiar with the methods and schemes employed by persons who trade and collect child pornography. As a federal agent, I am authorized to investigate violations of laws of the United States and am a law enforcement officer with the authority to execute warrants issued under the authority of the United States.

3.      I have participated in investigations of persons suspected of violating federal child pornography laws, including Title 18, United States Code, Sections 2251, 2252 and 2252A. I have also participated in various FBI mandated and volunteer training for the investigation and enforcement of federal child pornography laws in which computers are used as the means for receiving, transmitting, and storing child pornography as defined in Title 18, United States Code, Section 2256.

4.      The statements in this Affidavit are based on my investigation and other law enforcement officer's investigation of this matter. Since this affidavit is being submitted for the limited purpose of securing a search warrant, I have not included each and every fact known to me concerning this investigation. I have set forth only the facts that I believe are necessary to establish probable cause to believe that evidence, fruits, and instrumentalities of the violation of Title 18, United States Code, Sections 2252 and 2252A are located at premises owned or maintained by Dropbox, Inc. and associated with the account email address KYOTEESNEWMOON@GMAIL.COM and User ID 587596588.

II.     LEGAL AUTHORITY

5.      Title 18 U.S.C. § 2252(a) prohibits a person from knowingly transporting, shipping, receiving, distributing, reproducing for distribution, possessing, or accessing with

intent to view, any visual depiction of minors engaging in sexually explicit conduct, or produced using a minor engaged in such conduct, when such visual depiction was either mailed or shipped or transported in interstate or foreign commerce, or in or affecting interstate commerce, by any means, including by computer, or when such visual depiction was produced using materials that had traveled in interstate or foreign commerce, or attempts to do so.

### III.    COMPUTERS, INTERNET, AND DROPBOX

6.      The term "computer" as used herein is defined in 18 U.S.C. § 1030(e)(1), and includes an electronic, magnetic, optical, electrochemical, or other high speed data processing device performing logical, arithmetic, or storage functions, and includes any data storage facility or communications facility directly related to or operating in conjunction with such device.

7.      The Internet is a worldwide network of computer systems operated by governmental entities, corporations, and universities. In order to access the Internet, an individual computer user must subscribe to an access provider, which operates a host computer system with direct access to the Internet. The World Wide Web ("www") is a functionality of the Internet which allows users of the Internet to share information.

8.      With a computer connected to the Internet, an individual computer user can make electronic contact with millions of computers around the world. This connection can be made by any number of means, including modem, local area network, wireless and numerous other methods.

9.      Dropbox is a service that allows its users to store files on Dropbox's servers. Dropbox is also a file syncing and collaboration service that allows users to access and share their files on computers, phones, tablets, and on the Dropbox website. According to Dropbox's privacy policy, at https://www.dropbox.com/privacy, Drobox reports, "We collect and associate with your account, information like your name, email address, phone number, payment info, and physical address." This privacy policy also states, "When you use our Services, we store, process and transmit your files (including stuff like your photos, structured data and emails) and information related to them (for example, location tags in photos). If you give us access to your contacts, we'll store those contacts on our servers for you to use." The policy also says, "We collect information from and about the devices you use to access the Services. This includes things like IP addresses, the type of browser and device you use, the web page you visited before coming to our sites, and identifiers associated with your devices." Dropbox also explains in this policy that they may disclose the user's information to third parties if necessary to comply with the law.

10.      In some cases, account users will communicate directly with a provider about issues relating to their account, such as technical problems, billing inquiries, or complaints from other users. Providers typically retain records about such communications, including records or contacts between the user and the provider's support services, as well as records of any actions taken by the provider or user as a result of the communications.

IV.    BACKGROUND OF THE INVESTIGATION AND PROBABLE CAUSE

11.    Based on the evidence set forth below, I submit that a user of the Internet account at 1001 Oak Lane Avenue, Philadelphia, Pennsylvania 19126 is linked to uploading approximately 46 video and image files containing child pornography to their Dropbox account. There is probable cause to believe that a user of the Internet account at 1001 Oak Lane Avenue, Philadelphia, Pennsylvania 19126 knowingly uploaded videos containing child pornography on multiple occasions.

12.    On October 5, 2016, The National Center for Missing and Exploited Children (NCMEC) received a CyberTipline report from Dropbox. The CyberTipline report from Dropbox provided information regarding an individual using the name Kyle Hobbs, email address KYOTEESNEWMOON@GMAIL.COM  and Dropbox User ID 587596588, and stated that this user uploaded 46 files to Dropbox. The report provided the 46 files as part of the CyberTipline report. Dropbox personnel reviewed each of these videos before transmitting them with the CyberTipline report. I reviewed the 46 files and determined that nearly all of the files depicted child pornography. Three of the files are described below:

A.    **21192106-0a8b-41c6-a2a9-8aa40330093a.jpg** – This image depicts a prepubescent girl, nude, with her legs bent over her head, while she is using her fingers to spread open her vagina.

B.    **9f15d6b5-160c-4736-8fd9-91aee586e9d2.jpg** – This image depicts a prepubescent girl, nude, laying stomach-side down on a bed, with a close up of her vagina and buttocks.

C.    **Video Aug 06, 5 40 50 PM.mp4** – This video depicts a prepubescent girl performing oral sex on a nude, adult male.

13.    Records from Dropbox, as transmitted in its CyberTipline report, showed that IP address 108.2.57.238 was used to upload the three files described above to Dropbox on August 19, 2016. Using publicly available websites, NCMEC CyberTipline was able to determine that IP address 108.2.57.238 was operated by the Internet Service Provider ("ISP") Verizon.

14.    On November 8, 2016, an administrative subpoena was served to Verizon requesting information related to the user who was assigned IP address 108.2.57.243 on August 19, 2016. Verizon provided records in response to the subpoena. According to the records, Willis Hobbs is receiving Internet service at the address of 1001 Oak Lane Avenue, Philadelphia, Pennsylvania 19126. He was receiving such service on August 19, 2016 at that same address, 1001 Oak Lane Avenue in Philadelphia, and was assigned the IP address 108.2.57.238 on that date.

15.    On November 2, 2016 a preservation request was sent to Dropbox, Inc. requesting them to preserve all the content and associated information for this account.

V.    PROCEDURE

16.    Under 18 U.S.C. §§ 2711(3) and 3127, this Court has the authority to issue the warrant directing Dropbox, Inc. to comply even though Dropbox, Inc. is not located in this district, because the Court has jurisdiction over the offense being investigated.

17.    Under 18 U.S.C. § 2703(g), a law enforcement officer does not have to be present for either the service or execution of the warrant.  It is sufficient for us to serve it by fax or by mail upon Dropbox, Inc.  I request that Dropbox, Inc. be required to produce the electronic communications and other information identified in Attachments A and B-I hereto.  Because Dropbox, Inc. is not aware of the facts of this investigation, its employees are not in a position to search for relevant evidence.  In addition, requiring Dropbox, Inc. to perform the search would be a burden upon the company.  If all Dropbox, Inc. is asked to do is produce all the files associated with the account, an employee can do that easily.  Requiring Dropbox, Inc. to search the materials to determine what content is relevant would add to their burden.

18.    I request that the Court authorize law enforcement agents to seize only those items identified in Attachment B-II from what is produced by Dropbox, Inc. pursuant to the search warrant. In reviewing these files, I will treat them in the same way as if I were searching a file cabinet for certain documents.  E-mails, documents, records and logs will be scanned quickly to determine if they are relevant to my search.  If they are, they will be read.  If I determine that they are not relevant, I will put them aside without reading them in full.  This method is similar to what a law enforcement officer would do in the search of a filing cabinet or a seized computer.

19.    Under 18 U.S.C. § 2703(b)(1)(A), notice to the customer or subscriber is not required when the government obtains the contents of electronic communications using a search warrant.

20.    I also ask that the warrant direct Dropbox, Inc. to produce records and other information pertaining to this account.  The government may obtain such records either by filing a motion under 18 U.S.C. § 2703(d), or by means of a search warrant under § 2703(c)(1)(A).  Because I need a search warrant to obtain the content of electronic communications and documents anyway, I am proceeding in the request to obtain the records by search warrant as well.  The facts set forth above to show probable cause also constitute specific and articulable facts, showing that there are reasonable grounds to believe that the records and other information sought are relevant and material to an ongoing criminal investigation, as required by 18 U.S.C. § 2703(d).

VI.    CONCLUSION

21.    Based on the aforementioned factual information, I respectfully submit that there is probable cause to believe that the individual using Dropbox account, KYOTEESNEWMOON@GMAIL.COM  and User ID 587596588, knowingly possessed and received visual depictions of minors engaging in sexually explicit conduct or child pornography, or attempted to do so, and I respectfully submit that there is probable cause to believe this

individual has violated Title 18, United States Code, Sections 2252 and 2252A.

21.     Additionally, there is probable cause to believe that evidence of the commission of criminal offenses, namely, violations of Title 18, United States Code, Sections 2252 and 2252A, is associated with the Dropbox account KYOTEESNEWMOON@GMAIL.COM, User ID 587596588 and other computer servers of Dropbox Inc., headquartered at 185 Berry Street, Suite 400, San Francisco, California 94107, and this evidence, listed in Attachments A and B to this affidavit, which is incorporated herein by reference, is contraband, the fruits of crime, or things otherwise criminally possessed, evidence of criminal violations, or property which is or has been used as the means of committing the foregoing offenses.

22.     Therefore, I respectfully request that the attached warrant be issued authorizing the search and seizure of the items listed in Attachments A and B.

23.     Since this investigation is continuing, disclosure of the search warrant, this affidavit, and/or this application and the attachments thereto will jeopardize the progress of the investigation.  Accordingly, I request that the Court issue an order that the search warrant, this affidavit in support of application for search warrant, the application for search warrant and all attachments thereto, and all related docket entries be filed under seal until further order of this Court.

Rebecca A. Quinn
Special Agent
Federal Bureau of Investigation

Sworn to me this _30_
day of November 2016.

HONORABLE TIMOTHY R. RICE
United States Magistrate Judge

5

## ATTACHMENT A

### Property to Be Searched

This warrant applies to the Dropbox account associated with

KYOTEESNEWMOON@GMAIL.COM, User ID 587596588, which is stored at premises

owned, maintained, controlled, or operated by Dropbox Inc., a company headquartered at 185

Berry Street, Suite 400, San Francisco, California 94107.

6

## ATTACHMENT B

## LIST OF ITEMS TO BE SEIZED

**I.  Information to be disclosed by Dropbox, Inc. (the "Provider")**

To the extent that the information described in Attachment A is within the possession, custody, or control of the Provider, including any stored messages, records, files, images, movies, emails, or any such information that has been deleted but is still available to the Provider, or have been preserved pursuant to a request made under 18 U.S.C. § 2703(f), the Provider is required to disclose the following information to the government for each account or identifier listed in Attachment A:

a.      The contents of all storage associated with the account, including files, folders, images, videos, or other content stored in the account, and including include photo location tags, stored in or for this account;

b.      The identification of other Dropbox accounts accessed by the user of this account;

c.      Records of all accesses of the account, including the times, dates, IP addresses, device used (identifiers and type), device location data, and browser used associated with these file uploads or downloads;

d.      Records of any uploads or downloads to or from the account and the times, dates, IP addresses, device used (identifiers and type), device location data, and browser used associated with these file uploads or downloads; All privacy settings and other account settings;

e.      All records pertaining to communications between Dropbox, Inc. and any person regarding the account, including contacts with support services and records of actions taken.

f.      All records or other information regarding the identification of the account, to include full name, birth date, email addresses provided, physical address, telephone numbers,

and other identifiers, records of session times and durations, the time and date on which the

account was created, the length of service (including start date), the IP address used to register

the account, log-in IP addresses associated with session times and dates, account status, the types

of services used, methods of connecting, log files, other accounts linked to this user or email, and

records of all payments and the means and source of payment (including any credit or bank

account numbers);

> g.      All registered devices and accompanying serial numbers and other identifying

numbers to include dates or activation, registration, deactivation;

## II. Information to be seized by the Government

All information described above in Section I that constitutes evidence of violations of 18 2252(a)(2) or (a)(4)(B) (receipt, distribution, possession, or access with intent to view child pornography) including:

a. All files, documents, communications, images, videos, and contacts associated with the Dropbox Inc. account KYOTEESNEWMOON@GMAIL.COM, User ID 587596588, related to visual depictions of minors engaging in sexually explicit conduct or child pornography, in violation of Title 18 U.S.C. §2252, along with any evidence that would tend to show the true identities of the persons committing these offenses.

b. The identification of other Dropbox accounts accessed by user of this account;

c. Records of all accesses of the account, including the times, dates, IP addresses, device used (identifiers and type), device location data, and browser used associated with these file uploads or downloads; all privacy settings and other account settings;

d. Records of any uploads or downloads to or from the account and the times, dates, IP addresses, device used (identifiers and type), device location data, and browser used associated with these file uploads or downloads;

e. All records pertaining to communications between Dropbox, Inc. and any person regarding the account, including contacts with support services and records of actions taken.

f. All records or other information regarding the identification of the account, to include full name, birth date, email addresses provided, physical address, telephone numbers,

9

and other identifiers, records of session times and durations, the time and date on which the account was created, the length of service (including start date), the IP address used to register the account, log-in IP addresses associated with session times and dates, account status, the types of services used, methods of connecting, log files, other accounts linked to this user or email, and records of all payments and the means and source of payment (including any credit or bank account numbers);

g.  All registered devices and accompanying serial numbers and other identifying numbers to include dates or activation, registration, deactivation.